**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                                   Case No. 05–mj–077–01

Juan A. Morton

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on July 11, 2005, for the purpose of determining whether to detain defendant, Juan A. Morton, who has been charged in a criminal complaint with conspiracy by a convicted felon to possess or acquire a firearm.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt;
(3) the history and characteristics of the accused, including
family ties, past history, financial resources and employment;
and (4) the nature and seriousness of the danger to any person or
the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government typically retains the burden of
persuading the court that "'no condition or combination of
conditions will reasonably assure' the defendant's presence at
trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st
Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d
15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d
789, 793 (1st Cir. 1991).  For its part, the government is
required to offer a preponderance of the evidence to prove risk
of flight.  See Patriarca, 948 F.2d at 792-93.

In the case at hand, the Indictment itself constitutes
probable cause to believe that the offenses charged have been
committed and that the defendant has committed them.

Here, I find that the government has met its burden with
regard to risk of flight and a danger to the community.
Specifically, here such a possession conspiracy is particularly

serious in view of the drug and violence record of the defendant.
The weight of the evidence is sufficient with various probable
inferences.  He has no stable family commitment – three women
each with a child of his.  He threatened the agent and has a
horrible criminal record.

I am satisfied from the representations and documents
offered during the hearing that no condition or combination of
conditions will reasonably assure the safety of the community.

Upon full consideration of the arguments offered by the
government and defense, I am satisfied that the defendant poses a
risk of flight and a danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained
pending trial.

The defendant is committed to the custody of the Attorney
General or his designated representative for confinement in a
corrections facility separate, to the extent practicable, from
persons awaiting or serving sentences or being held in custody
pending appeal.  The defendant shall be afforded a reasonable
opportunity for private consultation with defense counsel.  On
order of a court of the United States or on request of an
attorney for the Government, the person in charge of the

3

corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

     **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:  July 11, 2005

cc:    Mark Irish, Esq.
       Jonathan Saxe, Esq.
       U.S. Marshal
       U.S. Probation